NORTH CAROLINA MUT. LIFE INS. CO. *v.* SANDERS.

(Division B. May 8, 1939. Suggestion of Error Overruled June 12, 1939.)

[188 So. 554. No. 33698.]

**Ray & Spivey,** of Canton, for appellant.

**Stirling & Stirling**, of Jackson, for appellees.

**McGehee, J.**, delivered the opinion of the court.

On March 3, 1923, the appellant issued and delivered unto the appellee a certain endowment life insurance policy in the sum of $1,000 for which the annual premiums were duly paid to the appellant through the year 1926. During the month of December that year, the appellant, desiring to discontinue business in the States of Arkansas,

Oklahoma and Mississippi, and to have its contracts of insurance in those states reinsured, entered into a written contract with the Century Life Insurance Company of Little Rock, Arkansas, whereby the latter company agreed to take over and continue in force all contracts of insurance of the appellant in the states above mentioned. Accordingly, the contract between the two companies recited the foregoing facts and that all contracts of insurance hereinbefore referred to were transferred, assigned and delivered unto the said Century Life Insurance Company as of January 1, 1927. Thereupon, the appellant mailed to the appellee a notice in writing to the effect that: "The Century Life Insurance Company of Little Rock, Arkansas, a company with assets of nearly a million dollars, has reinsured all of our company's policies . . . They will carry out every obligation laid down in the contracts, and in order for them to do so we have turned over to them over $300,000.00 which is the reserve on the business." The notice further assured the appellee that she was as amply protected as before and that she need not have any hesitancy in continuing her insurance in force; that the appellant was still interested in seeing that the interest of the policy-holders would be protected in the matter.

Thereafter, the appellee, relying upon the assurances contained in the notice aforesaid, and also upon a letter from the appellant of January 5, 1927 (addressed to its agents in this State, and which is alleged to have been shown to all policy-holders), stating that: "You can depend upon us to see to it that every policy-holder is just as amply protected as before," began to pay her premiums to the assignee company and continued to do so for a period of five years and until said company, by an amendment of its charter, changed its name to the Woodmen Union Life Insurance Company; and to which latter company the premiums were paid during the years 1932 and 1933. This company was insolvent and was placed in the hands of a receiver on November 4, 1933. Thereafter, the appellee failed to pay any further premiums, since the

receiver was without authority to collect or receive them so as to keep the insurance in force; and, moreover, the appellant thereupon denied any and all further liability under the contract of insurance.

It was provided by the terms of the policy that "After three full annual premiums shall have been paid, the insured may, within three months after default in payment of any premiums, surrender this policy and have the choice of the following options: (1) Receive its cash surrender value, less any indebtedness to the company thereon . . . (2) Receive paid-up insurance, payable at the same time and on the same conditions as this policy. If no other option is selected, this policy will be continued in force under this option without any action on the part of the insured; or (3) receive extended insurance for an amount equal to the face of the policy . . ."

Appellee elected within the time allowed to receive the cash surrender value of the policy, including any unpaid dividends or other benefits accruing to her as a policyholder in the appellant mutual company; and all liability having been denied by the appellant as aforesaid, the appellee filed her bill of complaint, alleging that in truth and in fact the appellant had not turned over to the Century Life Insurance Company the $300,000, which it had claimed to have done in its notice to her of January 1, 1927, so as to enable it to carry out the contracts, but that on the contrary the appellant turned over to said assignee company, a year or two after the mailing of said notice, a number of second and third mortgages with no equity, and also some worthless stocks; that the appellant then knew that the assignee company was insolvent; and that wherefore the representations made to the appellee to induce her to continue the payment of her premiums constituted a fraud upon her rights in the premises. The bill of complaint further alleged that the appellee did not discover until 1938 this alleged fraud, although she had been diligent in trying to find out the strength of the Century Life Insurance Company, and as to whether the assurances given her by the appellant were true or false.

A demurrer was interposed by the appellant, which was overruled by the chancellor, and this appeal was granted to settle the controlling principles of law applicable to the case.

We are of the opinion that the bill of complaint states a cause of action for the relief therein prayed for; and that therefore the action of the court below in overruling the demurrer is correct.

Affirmed and remanded.